1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | IN RE EX PARTE
APPLICATION OF JAMES F.

12 | RIGBY, JR., CHAPTER 7
TRUSTEE OF THE ESTATE OF

13 | MICHAEL R. MASTRO

14 | Applicant.

CASE NO. 13cv0271-MMA (MDD)

ORDER GRANTING *EX PARTE*
APPLICATION FOR ORDER
PURSUANT TO 28 U.S.C. § 1782

[ECF. No. 1]

15
16
17

18      On February 1, 2013, James R. Rigby, Jr., the Chapter 7 Trustee of

19 the Estate of Michael R. Mastro, ("Applicant" or "Trustee") filed an Ex

20 Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting

21 Leave to Obtain Discovery from Michael K. Mastro for Use in Foreign

22 Proceedings. (ECF No. 1). The Applicant seeks permission to subpoena

23 Mr. Mastro for deposition regarding a dispute pending in France.

24      According to the Application, Michael K. Mastro is the son of

25 Michael R. Mastro. An involuntary bankruptcy petition was filed

26 regarding Michael R. Mastro's business in 2009. In 2011, the Honorable

27 Marc Berreca of the United States Bankruptcy Court for the Western

28 District of Washington found that Michael R. Mastro and his wife had

1  made false and fraudulent representations and fraudulently transferred

2  assets.  Judge Barreco ordered the arrest of Michael R. Mastro and his

3  wife in July 2011.  They were arrested in France on October 24, 2012.  A

4  federal indictment charging them with bankruptcy fraud and money

5  laundering was entered on October 25, 2012.

6        The Application further reports that in November 2012, the

7  Trustee obtained an order from the district court in Annecy, France,

8  authorizing the bailiff of that court to take possession of and inventory

9  all of the documents and property found at the home of Michael R.

10  Mastro and his wife in France.  In December 2012, Michael R. Mastro,

11  his wife, and Michael K. Mastro filed a petition in the French court

12  seeking, among other things, return of certain personal property.

13        Michael K. Mastro resides in the Southern District of California.

14                      **I.  LEGAL STANDARD**

15        A district court may grant an application pursuant to 28 U.S.C. §

16  1782 where: (1) the person from whom the discovery is sought resides or

17  is found in the district of the district court to which the application is

18  made; (2) the discovery is for use in a proceeding before a foreign

19  tribunal; and, (3) the application is made by a foreign or internal

20  tribunal or any interested person.  *See, e.g., Lazaridis v. International*

21  *Centre for Missing and Exploited Children*, 760 F.Supp.2d 109, 112

22  (D.D.C. 2011).

23        Even if these requirements are met, a district court retains the

24  discretion to deny the request.  *Intel Corp. v. Advanced Micro Devices,*

25  *Inc.,* 542 U.S. 241, 264 (2004); *In re Premises Located at 840 140th*

26  *Avenue., N.E., Bellevue, Wash.,* 634 F.3d 557, 563 (9th Cir. 2011).  The

27  Supreme Court, in *Intel*, identified several factors that a court should

28  consider in ruling on a request under § 1782:

1
2
3
"(1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid;

4
5
(2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance;

6
7
(3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or theUnited States; and,

8
9
(4) whether the subpoena contains unduly intrusive or burdensome requests."

542 U.S. at 264-65.

10
## II.  DISCUSSION

11
### A.  Authority to Issue Subpoena

12
13
14
15
16
Having reviewed the application, the Court finds that the statutory requirements have been satisfied.  Mr. Mastro resides in the Southern District of California, there is a pending proceeding in a French court and the Trustee is an "interested party" as he is a party to the litigation in France.

17
### B.  Discretionary Factors

18
#### 1.  Jurisdictional Reach of Foreign Tribunal

19
20
The Supreme Court, in *Intel*, stated that,

21
22
23
24
25
when the person from whom discovery is sought is a participant in the foreign proceeding ..., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal' s jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

26
542 U.S. at 264.

27
28
Mr. Mastro is a party to the French lawsuit so this factor may weigh against granting the application.  The Trustee asserts, however,

1    that French civil procedure does not include a discovery process

2    adequate to the task.  (ECF No. 1 at 6).  Specifically, the Trustee asserts

3    that French procedure requires that the party seeking discovery needs to

4    identify the precise document sought for production.  (*Id.*).  The

5    application does not address the availability of depositions in French

6    civil procedure.  Although § 1782 does not have an "exhaustion"

7    requirement, the Court is permitted, in deciding how to exercise its

8    discretion, to consider whether the applicant has availed itself of

9    discovery procedures in the foreign forum.  *See In re Degitechnic*, 2007

10    WL 1367697 at *4 (W.D.Wash. 2007).  Here, there is a lack of clarity on

11    the issue of whether the jurisdictional reach of the French court extends

12    to depositions.  Due to the lack of clarity, the Court finds that this factor

13    weighs against granting this application.

14         **2.  Nature and Receptivity of Foreign Tribunal**

15         The Trustee has made a sufficient showing that the French courts

16    would  be receptive to the introduction of evidence obtained pursuant to

17    § 1782. Consequently, this Court views this factor as favoring the

18    Applicant.

19         **3.  Attempt to Circumvent Foreign Proof-Gathering**

20    **Restrictions and Policies**

21         Applicant claims to be "unaware of any restrictions on proof-

22    gathering that would prohibit obtaining the discovery it seeks through

23    Section 1782." (ECF No. 1 at 8).  As discussed above, however, the

24    Trustee has not addressed the availability of party depositions in the

25    French proceeding.  So, while there is no evidence that the Trustee is

26    seeking to circumvent restrictions that may exist in the host court, this

27    factor does not help to convince the Court to exercise its discretion in

28    favor of the Applicant.

1    **4.  Undue Intrusion or Burden**

2        It does not appear that requiring Mr. Mastro to be deposed

3    regarding the petition he filed in France would constitute and undue

4    intrusion or burden upon him.  To the contrary, if French procedure

5    allows for depositions, Mr. Mastro might be required to travel there to be

6    deposed.  The instant arrangement is far more convenient for him and

7    for the Trustee.

8    **C.    Final Analysis**

9        The Court finds that applying the *Intel* factors does not clearly

10   suggest how the Court should exercise its discretion in this case.  But,

11   considering that our courts generally favor discovery,  the Court will

12   authorize the issuance of the requested deposition subpoena.  A copy of

13   this Order must be served with the subpoena.

14                  **III.  CONCLUSION**

15       The application is **GRANTED**.  Applicant may serve Michael K.

16   Mastro with a deposition subpoena.  A copy of this Order must be served

17   with the subpoena.  Nothing herein prevents Mr. Mastro from asserting

18   any rights he may have to challenge the subpoena after it is served.  Any

19   such challenge must be filed as a motion to quash in this docket.

20       **IT IS SO ORDERED**.

21   DATED: February 19, 2013

22

23                                    Hon. Mitchell D. Dembin
                                      U.S. Magistrate Judge
24

25

26

27

28

- 5 -                                13cv0271-MMA (MDD)