# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF JAMES F. RIGBY, JR., CHAPTER 7 TRUSTEE OF THE ESTATE OF MICHAEL R. MASTRO<br><br>Applicant. | CASE NO. 13cv0271-MMA (MDD)<br><br>ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782<br><br>[ECF. No. 1] |

On February 1, 2013, James R. Rigby, Jr., the Chapter 7 Trustee of the Estate of Michael R. Mastro, ("Applicant" or "Trustee") filed an Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Michael K. Mastro for Use in Foreign Proceedings. (ECF No. 1). The Applicant seeks permission to subpoena Mr. Mastro for deposition regarding a dispute pending in France.

According to the Application, Michael K. Mastro is the son of Michael R. Mastro. An involuntary bankruptcy petition was filed regarding Michael R. Mastro's business in 2009. In 2011, the Honorable Marc Berreca of the United States Bankruptcy Court for the Western District of Washington found that Michael R. Mastro and his wife had

made false and fraudulent representations and fraudulently transferred assets. Judge Barreco ordered the arrest of Michael R. Mastro and his wife in July 2011. They were arrested in France on October 24, 2012. A federal indictment charging them with bankruptcy fraud and money laundering was entered on October 25, 2012.

The Application further reports that in November 2012, the Trustee obtained an order from the district court in Annecy, France, authorizing the bailiff of that court to take possession of and inventory all of the documents and property found at the home of Michael R. Mastro and his wife in France. In December 2012, Michael R. Mastro, his wife, and Michael K. Mastro filed a petition in the French court seeking, among other things, return of certain personal property.

Michael K. Mastro resides in the Southern District of California.

## I.  LEGAL STANDARD

A district court may grant an application pursuant to 28 U.S.C. § 1782 where: (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and, (3) the application is made by a foreign or internal tribunal or any interested person. *See, e.g., Lazaridis v. International Centre for Missing and Exploited Children*, 760 F.Supp.2d 109, 112 (D.D.C. 2011).

Even if these requirements are met, a district court retains the discretion to deny the request. *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264 (2004); *In re Premises Located at 840 140th Avenue., N.E., Bellevue, Wash.,* 634 F.3d 557, 563 (9th Cir. 2011). The Supreme Court, in *Intel*, identified several factors that a court should consider in ruling on a request under § 1782:

"(1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid;

(2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance;

(3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or theUnited States; and,

(4) whether the subpoena contains unduly intrusive or burdensome requests."

542 U.S. at 264-65.

## II.  DISCUSSION

### A.  Authority to Issue Subpoena

Having reviewed the application, the Court finds that the statutory requirements have been satisfied.  Mr. Mastro resides in the Southern District of California, there is a pending proceeding in a French court and the Trustee is an "interested party" as he is a party to the litigation in France.

### B.  Discretionary Factors

#### 1.  Jurisdictional Reach of Foreign Tribunal

The Supreme Court, in *Intel*, stated that,

when the person from whom discovery is sought is a participant in the foreign proceeding ..., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

542 U.S. at 264.

Mr. Mastro is a party to the French lawsuit so this factor may weigh against granting the application.  The Trustee asserts, however,

that French civil procedure does not include a discovery process adequate to the task. (ECF No. 1 at 6). Specifically, the Trustee asserts that French procedure requires that the party seeking discovery needs to identify the precise document sought for production. (*Id.*). The application does not address the availability of depositions in French civil procedure. Although § 1782 does not have an "exhaustion" requirement, the Court is permitted, in deciding how to exercise its discretion, to consider whether the applicant has availed itself of discovery procedures in the foreign forum. *See In re Degitechnic*, 2007 WL 1367697 at *4 (W.D.Wash. 2007). Here, there is a lack of clarity on the issue of whether the jurisdictional reach of the French court extends to depositions. Due to the lack of clarity, the Court finds that this factor weighs against granting this application.

### 2. Nature and Receptivity of Foreign Tribunal

The Trustee has made a sufficient showing that the French courts would be receptive to the introduction of evidence obtained pursuant to § 1782. Consequently, this Court views this factor as favoring the Applicant.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

Applicant claims to be "unaware of any restrictions on proof-gathering that would prohibit obtaining the discovery it seeks through Section 1782." (ECF No. 1 at 8). As discussed above, however, the Trustee has not addressed the availability of party depositions in the French proceeding. So, while there is no evidence that the Trustee is seeking to circumvent restrictions that may exist in the host court, this factor does not help to convince the Court to exercise its discretion in favor of the Applicant.

### 4.  Undue Intrusion or Burden

It does not appear that requiring Mr. Mastro to be deposed regarding the petition he filed in France would constitute and undue intrusion or burden upon him.  To the contrary, if French procedure allows for depositions, Mr. Mastro might be required to travel there to be deposed.  The instant arrangement is far more convenient for him and for the Trustee.

### C.  Final Analysis

The Court finds that applying the *Intel* factors does not clearly suggest how the Court should exercise its discretion in this case.  But, considering that our courts generally favor discovery,  the Court will authorize the issuance of the requested deposition subpoena.  A copy of this Order must be served with the subpoena.

## III.  CONCLUSION

The application is **GRANTED**.  Applicant may serve Michael K. Mastro with a deposition subpoena.  A copy of this Order must be served with the subpoena.  Nothing herein prevents Mr. Mastro from asserting any rights he may have to challenge the subpoena after it is served.  Any such challenge must be filed as a motion to quash in this docket.

**IT IS SO ORDERED**.

DATED: February 19, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge